

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TARA McKNIGHT and DR. NEDRA HUGGINS-WILLIAMS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:09-cv-00953** |
| | ) | **Judge Thomas A. Wiseman, Jr.** |
| | ) | |
| **12th & DIVISION PROPERTIES, LLC, a Tennessee limited liability company; CJUF II TERRAZZO LLC, a Delaware limited liability company; and BANK OF AMERICA, N.A., a national banking association,** | ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

Pending before the Court is the Motion for Attorney's Fees (Doc. No. 14) and supporting Memorandum (Doc. No. 15) filed by defendants 12th & Division Properties and CJUF Terrazzo (hereinafter collectively referred to as "Defendants"). Plaintiff Tara McKnight has filed her Response in Opposition to Defendants' Motion (Doc. No. 17), and Defendants, with the Court's permission, filed a reply brief (Doc. No. 20). In their motion, Defendants claim that this Court's dismissal without prejudice of Plaintiff's complaint operates to make them a "prevailing party" for purposes of a contract that governs the relationship between Defendants and Plaintiff. Plaintiff, for her part, argues that either the dismissed complaint did not "arise out of" or "concern" the contract or, alternatively, that the Defendants do not qualify as a "prevailing party." For the reasons to follow, this Court finds that even if the dismissed claims are deemed to "arise out of" or "concern" the contract, this Court's involuntary dismissal of those claims, without prejudice, does not make Defendants the "prevailing party." Defendants' Motion for Attorneys' Fees will therefore be denied.

**I.      PROCEDURAL BACKGROUND**

Plaintiff filed the initial Complaint in this action in October 2009,[1] seeking damages from Defendants based on alleged violations of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701–1720.  The complaint concerned the Plaintiff's agreement to purchase, pursuant to the

---

[1] The Complaint originally named both Tara McKnight and Dr. Nedra Huggins-Williams as plaintiffs. Huggins-Williams voluntarily dismissed her claims in March 2010.

terms of a Condominium Sale and Purchase Agreement ("Agreement"), a condominium unit in a condominium building being developed by Defendants but that had not yet been constructed as of the date of the parties' Agreement. In addition to damages, Plaintiff sought recission of the Agreement based on Defendants' alleged violations of the ILSFDA.

Defendants filed a Motion to Dismiss in December 2009. The Court issued an Order granting the motion on March 1, 2010, after it had been fully briefed. (Doc. No. 12.) As the Court observed in that Order, the Court had, three weeks previously, entered an order in a related case granting Defendants' virtually identical motion to dismiss a complaint that was virtually identical to the complaint in this matter. The Court adopted the rationale set forth in the Memorandum Opinion accompanying the earlier order as the basis for granting the motion to dismiss in the present case.

Two of Plaintiffs' claims were dismissed with prejudice, but the majority were dismissed without prejudice. The Court noted that in the parallel action, Defendants had filed a counterclaim, as a result of which the dismissal of the plaintiff's claims had not resulted in dismissal of the related matter in its entirety. In the present case, however, Defendants had not chosen to file a counterclaim, such that dismissal of all claims in the complaint, whether with or without prejudice, mandated dismissal of the matter as a whole. Notably, if Plaintiff's council had taken heed of the dismissal in the related case, he would have promptly filed a motion to amend the complaint in this case, which would have mooted Defendants' motion to dismiss. Largely for that reason, albeit unstated, and purely as a matter of equity, the Court also specified that "[c]osts [were] taxed to the Plaintiff." (Doc. No. 12, at 3.) The Court also presumed, however, that the only cost incurred as of that date was likely to be the plaintiff's filing fee, which the Plaintiff had already assumed.

Plaintiff promptly refiled a new complaint addressing the concerns that gave rise to dismissal of the original claims. That case is also pending before this Court. Meanwhile, Defendants have filed the present motion for attorneys' fees, asserting that they are the prevailing party in this action and that, pursuant to the terms of the Condominium Sales and Purchase Agreement, they are entitled to recover the attorneys' fees and costs associated with this action.

II.     ANALYSIS AND DISCUSSION

The pending claim for attorneys' fees is based on Paragraph 29 of the Agreement, which states:

> 29. <u>ATTORNEY'S FEES.</u> In any action, litigation or proceeding arising out of or concerning this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party its costs and reasonable attorney's fees, through the appellate level and bankruptcy proceedings, if any.

(Doc. No. 1, Ex. 4.)

The salient question is whether, under the Agreement, the dismissal of Plaintiff's claims without prejudice is sufficient to make Defendants the "prevailing party," thereby entitling them to the aforementioned costs and attorneys' fees. The term "prevailing party" is not defined by the Agreement, but the Sixth Circuit has already addressed how courts are to define "prevailing party" in the context of a contract dispute when the parties themselves have left the meaning otherwise undefined:

> Where, as here, the contractual provision awarding fees is identical to the frequently-used statutory term "prevailing party," and there is no effort to define that term differently in the lease providing for the recovery of fees, we hold that the parties intend the term "prevailing party" to have the meaning given it by the case law under Rule 54(d)(1).

*Clarke v. Mindis Metals, Inc.,* No. 95-5517, 1996 U.S. App. LEXIS 27925 at *31 (6th Cir. Oct. 24, 1996). Under this precedence, then, this Court must use Rule 54(d)(1) as a starting point for its analysis; however, because the term "prevailing party" should be interpreted consistently within federal jurisprudence, this Court may also seek guidance from other cases interpreting federal statutes allowing for fee-shifting in favor of a "prevailing party." *Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 693 n.1 (6th Cir. 2001); *se also Buckhannon Bd. & Home Care, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602-03 (2001) (explaining that the term "prevailing party" as contained in various fee-shifting statutes must be construed as having a consistent meaning in all federal statutes).

The Supreme Court has stated that "[a] prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Tex. State Teachers* Ass'n, 489 U.S. 782, 791-92 (1989) (construing the term as used in 42 U.S.C. § 1988).) Further, the Court concluded that, "at a minimum, to be considered a prevailing party . . . , the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* Accordingly, this Court must decide whether the involuntary dismissal without prejudice of the complaint in this case constituted a "resolution of the dispute" that changed the legal relationship between the Defendants and the Plaintiff, such that Defendants should be considered the "prevailing party."

This Court is not aware of any opinions within this Circuit concerning the precise issue presented, that is, whether the defendant may be deemed the prevailing party when the plaintiff's claims have been involuntarily dismissed without prejudice. There are cases, however, that deal with voluntary dismissals with prejudice. The resolution of the issue in those cases, the Sixth Circuit has observed, has been inconsistent, *see United States. v. Alpha Med., Inc.*, No. 03-5652, 2004 WL 954042, at *2 (6th Cir. April 27, 2004) but the reasoning applied in those case is nonetheless instructive here.

For instance, in *United States v. Estate of Rogers*, No. 1:97-cv-461, 2003 WL 21212749 (E.D.Tenn. April 3, 2003), the district court found that the defendant non-moving party, by virtue of a voluntary dismissal by the plaintiff with prejudice, becomes the "prevailing party" because "[w]hen a plaintiff voluntarily dismisses a cause of action with prejudice, future litigation is barred by the doctrine of *res judicata*." 2003 WL 21212749, at *4. More recently, however, in *Lum v. Mercedes Benz, USA, LLC*, 246 F.R.D. 544, 545 (N.D. Ohio Oct 26, 2007), the district judge refused to find that the defendant non-moving party, by virtue of the plaintiff's dismissal with prejudice, was the "prevailing party," on the basis that a defendant's voluntary change in conduct resulting from a *voluntary* dismissal does not have the "necessary judicial imprimatur" on the change. 246 F.R.D. 544, 547 (quoting *Buckhannon*, 532 U.S. at 547). Based on *Buckhannon*, the court held that that "the appropriate focus, post-*Buckhannon*, is on 'the nature and judicial involvement in the outcome, rather than its practical effects. . . .'" *Id.* at 547 (quoting *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 837 (M.D. Tenn. 2004) (likewise finding, based on *Buckhannon*, that a party against whom a suit had been voluntarily dismissed with prejudice was not a prevailing party for purposes of awarding attorney's fees and costs)).

Though the preceding cases dealt with voluntary dismissals with prejudice, and not an involuntary dismissal without prejudice, their reasoning, and their reliance on *Buckhannon*, are pertinent here. Under the court's reasoning in *Rogers*, an involuntary dismissal *without prejudice* would lack the preclusive effect of *res judicata* necessary to accord "prevailing party" status to the non-moving party. Likewise, under the court's reasoning in *Lum*, though an involuntary dismissal without prejudice would have judicial involvement in the outcome since it is, after all, involuntary, it would still not effectuate the material alteration of the parties' legal relationship necessary to accord "prevailing party" status to the non-moving party, because the case can be immediately re-filed with essentially the same claims, as occurred here.

This Court therefore holds that a defendant in a case that is involuntarily dismissed without prejudice is not a prevailing party for purposes of Rule 54(d). Consequently, Defendants here are not the "prevailing party" under the parties' Agreement either, as the term "prevailing party" as used therein, not being defined by the Agreement, is presumed to have the same meaning as in Rule 54 and federal statute generally. Because the Court finds that the Defendants are not entitled to attorneys' fees as a "prevailing party," the Court does not need to reach the parties' arguments regarding whether the claims here "arose" out of the Agreement, whether the Agreement is enforceable, or whether the requested attorneys' fees are reasonable. For the foregoing reasons, Defendants' motion for attorneys' fees is hereby **DENIED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge